UNITED STATES DISTRICT COURT

DISTRICT OF MAINE: BANGOR DIVISION                    2026 FEB 10 P 3: 22

Alliance for Tribal Clean Energy, et al. vs 7Skyline, LLC, et al.
Case No. 3:24-cv-01818-JR

**NON-PARTY JASMINE LAMB'S MOTION TO QUASH OR MODIFY SUBPOENAS UNDER FED. R. CIV. P. 45(d)**

## I. INTRODUCTION

I, Jasmine Lamb, am a non-party witness proceeding without counsel due to financial limitations. I am a full time PhD Candidate at the University of Maine and I work two part time jobs, with my total workload often exceeding 50-60 hours per week.

On January 31, 2026, I was served with subpoenas by the Plaintiffs seeking access to all of my personal communications, including text messages, emails, and social media messages, with Defendants, their employees or contractors, and any communications with any person that have referenced Plaintiff Chéri Smith or the Alliance for Tribal Clean Energy, ATCE, and/or the Alliance. The subpoenas are sweeping, overbroad, and untethered to the claims in the litigation, targeting private communications spanning multiple years.

The subpoenas impose a substantial burden on me as a non-party witness, including the cost and effort of reviewing and producing communications without counsel, and intrude on highly private and confidential matters, including my personal, academic, and human-subjects research communications.

Despite my good-faith efforts to meet and confer (see Exhibit A), Plaintiff's counsel continue to pursue these overbroad and unduly burdensome requests, in violation of Federal Rules of Civil Procedure 26(b)(1) and 45(d). Rule 45(d) imposes an affirmative duty on courts to protect non-parties from undue burden and expense. I was additionally informed by an employee of Plaintiff Chéri Smith of potential personal liability in this matter, which further highlights that the subpoenas and deposition are being used to probe non-party communications in an overly broad and intrusive manner, consistent with a fishing expedition. This Motion asks the Court to quash or, at minimum, materially modify the subpoenas to protect me from undue burden, expense, and invasion of privacy.

## II. BACKGROUND

1. Plaintiffs served subpoenas commanding Movant to produce documents and appear for a deposition.

2. Movant is not a party to this action and has never been employed by either party.

3. Movant is a graduate student, works for a non-profit organization and as a research assistant, regularly works over 50 hours a week, has limited financial resources, and is proceeding without legal representation due to financial limitations.

4. Movant timely objected and engaged in a good-faith written meet-and-confer.

5. Plaintiffs withdrew several requests during the meet-and-confer but continued to pursue (and extended the requests to any person) Requests 4 and 5, which seek:

   **Any and all documents and communications**, including text messages, emails, and social media messages, dated on or after January 1, 2024, which you created, sent to, or received **from any person** relating to or referencing Chéri Smith; and
   **Any and all documents and communications**, including text messages, emails, and social media messages, dated on or after January 1, 2024, which you created, sent to, or received **from any person** relating to or referencing "Alliance for Tribal Clean Energy," "ATCE," or simply the "Alliance."

6. Plaintiffs also seek to compel Movant's deposition based on these requests.

7. The subpoenas, both original and amended, demand "any and all" personal communications, including texts, emails, and social media, encompassing private, personal, and academic communications.

8. I, the Movant, was informed by an employee of Plaintiff Chéri Smith on January 28, 2026, of potential personal litigation against me as an individual, further illustrating the intrusive and burdensome nature of the subpoenas.

9. The parties remain at an impasse.

---

## III. LEGAL STANDARD

- Rule 45(d): Courts must protect non-parties from undue burden.
- Rule 26(b)(1): Discovery must be relevant and proportional.
- Rule 45(d)(3): Court must quash or modify subpoenas that are overbroad or burdensome

## IV. ARGUMENT

### A. The Remaining Requests Are Facially Overbroad

Requests 4 and 5 seek "any and all" communications with any person that are merely "related to" or "reference" a certain name (Chéri Smith) or an organization (Alliance for Tribal Clean Energy), without meaningful limitations to subject matter, relevance, or connection to the claims in this case. These requests capture incidental mentions, personal opinions and jokes, academic discussions, and private communications wholly unrelated to the litigation.

Courts routinely quash subpoenas that rely on name-based relevance and require non-parties to conduct subjective relevance determinations across years of personal communications.

---

### B. The Subpoenas Impose Undue Burden on a Non-Party

Complying with the remaining requests would require Movant to:

- Review years of personal texts, emails, and social media messages across multiple platforms with any and all persons;

- Determine which communications "reference" the named individuals or entities;

- Conduct line-by-line relevance and privilege review without counsel.

This burden is substantial and inappropriate for a non-party, particularly for a graduate student with limited financial means.

---

### C. The Requests Invade Non-Party Privacy

The subpoenas demand access to private communications with family members, friends, colleagues, and research contacts through any and all social media platforms, text messages, emails, and other forms of communication, including information protected by ethical obligations in human-subjects research. Movant conducts human-subjects research with strict confidentiality and ethical obligations. Even with a protective order, compelled review and production of such communications constitutes a significant invasion of privacy. A protective order does not cure overbreadth or undue burden.

---

### D. The Deposition Subpoena Compounds the Undue Burden

The deposition subpoena is premised on the same overbroad document requests. Requiring Movant to sit for a deposition before resolving these disputes would compound the undue burden and constitute a fishing expedition. Movant was informed by an employee of Plaintiff Chéri Smith of potential personal liability in this matter, raising concerns that the subpoena and deposition is being used to probe non-party communications in a manner untethered to the claims in this litigation, consistent with a fishing expedition. The deposition should be quashed or stayed.

Much of the information requested in the subpoena is also easily obtainable from the parties of the lawsuit, including both the Defendants and the Plaintiff.

---

### V. RELIEF REQUESTED

Movant respectfully requests that the Court:

1. Quash Requests 4 and 5 of the subpoena;

2. Quash or stay the deposition subpoena;

3. Alternatively, materially modify the subpoenas to be more narrow to protect Movant from undue burden and invasion of privacy; and

4. Grant such other relief as the Court deems just and proper.

---

### VI. CONCLUSION

Rule 45(d) exists to protect non-parties from undue burden, expense, and invasion of privacy. Movant respectfully requests that the Court enforce those protections and quash or materially modify the subpoenas as outlined.

---

DATED: February 10, 2026

Respectfully submitted,

Jasmine Nipawset Aselis Lamb, Movant (Pro Se)

# CERTIFICATE OF SERVICE

I, Jasmine Lamb, hereby certify that on February 10, 2026, a true and correct copy of the foregoing Motion to Quash or Modify Subpoenas was served on the following parties via first-class mail, email, or in person:

**Clerk of Court, United States District Court, District of Maine, Bangor Division**

Margaret Chase Smith Federal Building & Courthouse
202 Harlow Street
Bangor, ME 04401

**Plaintiffs' Counsel**

Shelby Stoner

Galanda Broadman PLLC

P.O. Box 15416, Seattle, WA 98115

shelby@galandabroadman.com

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on February 10, 2026, at Orono, Maine.

**Jasmine Lamb, Movant (Pro Se)**

99 Indian Road
Perry, ME
04667
207-330-8594
Jasmine.lamb@maine.edu

# Exhibit A – Emails Between Movant and Plaintiff's Counsel Regarding Subpoena

**Jasmine Lamb** <jasmine.lamb@maine.edu>
to Shelby, Rachel, Ana, Colleen

Fri, Feb 6, 2:02 PM (3 days ago)

Counsel,

Thank you for your email. I apologize for the confusion around my counsel. I will again confirm that I do not have legal counsel. I thought I had secured a lawyer but the fee for the retainer does not align with my limited financial situation. I am once again requesting to do a meet and confer pro se in good faith. Given my status as an unrepresented non-party, I am only comfortable proceeding with the meet and confer in writing (via email) at this time. If you are not willing to proceed on that basis, please inform me in writing. Conducting the meet in confer in writing will ensure my clarity as an unrepresented non-party and will maintain an accurate record of our respective positions.

I am willing to engage in a written meet and confer for the **limited purposes** of discussing whether the subpoenas can be materially narrowed to address relevance, proportionality, and undue burden on a non-party under Rule 45(d), including whether the requested materials are more appropriately obtained from the parties themselves.

To facilitate that process, please feel free to provide any proposed narrowed subpoena language or specific categories of documents you believe are necessary and not obtainable from the parties. I will review and respond in writing. My key concerns for the narrowing of the subpoena are as follows.

In regards to the subpoena request for #1 & #2 as listed on page 6 of the subpoena:

**Any and all documents and communications, including text messages, emails, and social media messages, sent to or received by Jennifer Rouda and David Harper:** These communications can reasonably be obtained from the Defendants themselves. Requiring an unrepresented non-party witness to collect, review, and produce these materials would impose an undue burden and is not proportional to the needs of the case under Rule 26(b)(1) and Rule 45(d). Discovery should first be obtained from the Defendants to avoid imposing an undue burden on a non-party witness.

In regards to the subpoena request for #3 as listed on page 6 of the subpoena:

**Any and all documents and communications sent to or received by an employee, contractor, or consultant of 7Skyline, LLC, including without limitation anyone using a 7Skyline, LLC, email address:** I do not know the identities of all employees, contractors, or consultants of 7Skyline, LLC. Many of my communications with employees, contractors, or consultants may be personal in nature and unrelated to the claims or defenses in this case. Requiring production of my private communications that are irrelevant to this case would certainly present an undue burden on me as a non-party and constitute an invasion of privacy. Some communications may be with family members or other personal contacts and are unrelated to the litigation. Any communications sent or received by employees, contractors, or consultants using a 7SKyline, LLC, email address are already in the possession and control of 7Skyline, LLC, itself. Any relevant email communications can and should be obtained directly from 7Skyline, LLC, itself, rather than seeking this information from a non-party witness in a manner that is unduly burdensome, disproportionate, and unnecessary.

In regards to the subpoena request for #4 and #5 as listed on page 6 of the subpoena:

**Any and all documents and communications referencing Cheri Smith and the Alliance for Tribal Clean Energy:** The request is overly broad and lacks specificity. Seeking all communications across multiple platforms over a multi-year period without any meaningful limitation to subject, context, or sender/recipient is an unreasonable request and presents an undue burden on me as a non-party witness. Many of my personal communications in this time period are entirely unrelated to the claims or defenses in this litigation. Many of my communications are private, including personal messages with my colleagues, friends, and family members. Requiring production of such materials would constitute a significant and undue invasion of my privacy, especially in the context of the human-subjects research I lead at the University of Maine, where the protection of confidentiality and privacy are critical to my work. Any exposure of my private communications relating to my human subjects research would create serious legal and ethical conflicts.

For all of these reasons, I believe your subpoena request is overbroad, unduly burdensome, not proportional or relevant to the needs of the case, and invades my privacy. I am willing to engage in a written meet and confer (via email) to discuss narrowing these requests into a reasonable request for materials that are specifically relevant, but I will not agree to produce all documents as currently requested. I do not agree that any current production or deposition deadlines apply due to my written objection, and nothing in this correspondence should be construed as a waiver of any objections or rights, all of which are expressly reserved. Under Rule 45(d)(3), I reserve the right to move to quash or modify the subpoenas as currently drafted. Thank you for your time in reviewing my request.

Jasmine Lamb



**Rachel Tobias**
to me, Shelby, Ana, Colleen

Fri, Feb 6, 8:01 PM (3 days ago)

Dear Ms. Lamb,

Thank you for providing your comprehensive position on our request for documents. We agree to proceed with this written meet and confer over email.

I am attaching a modified list of document requests, narrowing our first version down to just the last two. Please note that Jennifer Rouda, David Harper, and anyone associated with 7Skyline are included in the phrase "any person." These requests contain the specificity required by the applicable discovery rules. They request documents and communications from January 1, 2024, through the present. The meaningful limitation is to documents and communications created, sent or received by you, referencing Cheri Smith and/or Alliance. If documents or communications in your possession for the relevant time period reference Cheri Smith and/or Alliance, they are likely related to our clients' claims in this litigation. Moreover, the standard is not whether something is related to the claims in litigation, but whether it is likely to lead to the discovery of admissible evidence. We believe the requested materials meet that standard.

I've also attached an agreed protective order we've entered in this proceeding as to the parties. We would be happy to enter a similar agreed protective order with you, in order to address your concerns about privacy and confidentiality. To the extent any of your responsive materials contain reference to the human-subjects of your research, we have no objection to the redaction of their names and/or any identifying information.

Lastly, please confirm whether you are in agreement with a document production deadline of March 2, 2026, and a deposition date of March 17, 2026 at 9am PST/12pm EST, and whether you would prefer to appear for the deposition by zoom from your home or from the location we provided in Bangor, Maine (or another location of your choice).

Once we have agreement, we will update and amend the subpoena paperwork and provide you with updated copies.

Best regards,
Rachel

**Rachel R. Tobias**
Attorney at Law
Galanda Broadman, PLLC
8606 35th Avenue NE, Ste. L1
P.O. Box 15146
Seattle, WA 98115
m: 206.245.9017 f: 206.299.7690
rtobias@galandabroadman.com
www.galandabroadman.com

Admitted to practice law in Washington and New York. This e-mail, and any attachments thereto, is intended only for use by the addressee(s) named herein and may contain legally privileged and/or confidential information. If the recipient of this e-mail is not a current client, receipt of this e-mail does not create an attorney-client relationship. If you are not the intended recipient of this e-mail, you are hereby notified that any dissemination, distribution or copying of this e-mail, and any attachments thereto, is strictly prohibited (Electronic Communications Privacy Act, 18 U.S.C. §§ 2510-2521). If you have received this e-mail in error, please immediately notify this firm at (206.557.7509) or the writer and permanently delete the original and any copy of any e-mail and any printout thereof.