AO 88A (Rev. 12/20) Subpoena to Testify at a Deposition in a Civil Action

# UNITED STATES DISTRICT COURT
for the
District of Oregon

| | |
|---|---|
| ALLIANCE FOR TRIBAL CLEAN ENERGY, et al. | ) |
| *Plaintiff* | ) |
| v. | ) Civil Action No. 3:24-cv-01818-JR |
| 7SKYLINE, LLC, et al. | ) |
| | ) |
| *Defendant* | ) |

## SUBPOENA TO TESTIFY AT A DEPOSITION IN A CIVIL ACTION

To: Jasmine Lamb
17 Founders Place, Apt. 3G, Orono, ME 04473
*(Name of person to whom this subpoena is directed)*

☑ **Testimony:** YOU ARE COMMANDED to appear at the time, date, and place set forth below to testify at a deposition to be taken in this civil action. If you are an organization, you must promptly confer in good faith with the party serving this subpoena about the following matters, or those set forth in an attachment, and you must designate one or more officers, directors, or managing agents, or designate other persons who consent to testify on your behalf about these matters:

| Place: 51 Short Street, Ste. #5, Bangor, ME 04401 OR Zoom Videoconference (Meeting ID # and any password to be provided) | Date and Time: 03/05/2026 9:00 am |
|---|---|

The deposition will be recorded by this method: Video, Stenographic

☐ *Production:* You, or your representatives, must also bring with you to the deposition the following documents, electronically stored information, or objects, and must permit inspection, copying, testing, or sampling of the material:

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: 01/29/2026

CLERK OF COURT

_____    OR    _____
Signature of Clerk or Deputy Clerk              Attorney's signature

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)* The Alliance for Tribal Clean Energy & Cheri Smith, Plaintiffs _____, who issues or requests this subpoena, are:
Shelby Stoner, Galanda Broadman PLLC, P.O. Box 15146, Seattle, WA 98115, shelby@galandabroadman.com

**Notice to the person who issues or requests this subpoena**
If this subpoena commands the production of documents, electronically stored information, or tangible things before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action(Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

(1) *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
 (A) within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
 (B) within the state where the person resides, is employed, or regularly transacts business in person, if the person
  (i) is a party or a party's officer; or
  (ii) is commanded to attend a trial and would not incur substantial expense.

(2) *For Other Discovery.* A subpoena may command:
 (A) production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
 (B) inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

(1) *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

(2) *Command to Produce Materials or Permit Inspection.*
 (A) *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
 (B) *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
  (i) At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
  (ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

(3) *Quashing or Modifying a Subpoena.*
 (A) *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
  (i) fails to allow a reasonable time to comply;
  (ii) requires a person to comply beyond the geographical limits specified in Rule 45(c);
  (iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
  (iv) subjects a person to undue burden.
 (B) *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
  (i) disclosing a trade secret or other confidential research, development, or commercial information; or
  (ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
 (C) *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
  (i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
  (ii) ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

(1) *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
 (A) *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
 (B) *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
 (C) *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
 (D) *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

(2) *Claiming Privilege or Protection.*
 (A) *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
  (i) expressly make the claim; and
  (ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
 (B) *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT
for the
District of Oregon

| | |
|---|---|
| ALLIANCE FOR TRIBAL CLEAN ENERGY, et al. <br> *Plaintiff* <br> v. <br> 7SKYLINE, LLC, et al. <br> *Defendant* | Civil Action No. 3:24-cv-01818-JR |

**SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION**

To: Jasmine Lamb
17 Founders Place, Apt. 3G, Orono, ME 04473
*(Name of person to whom this subpoena is directed)*

☑ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material: See Attachment A

| Place: Mailing Address: Attn: Shelby Stoner, 51 Short Street, Ste. #5, Bangor, ME 04401 <br> Email Address: shelby@galandabroadman.com | Date and Time: <br> 02/12/2026 5:00 pm |
|---|---|

☐ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|
| | |

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: 01/29/2026

CLERK OF COURT                                          OR      *[signature]*

*Signature of Clerk or Deputy Clerk*                              *Attorney's signature*

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)* The Alliance for Tribal Clean Energy & Cheri Smith, Plaintiffs , who issues or requests this subpoena, are:
Shelby Stoner, Galanda Broadman PLLC, P.O. Box 15146, Seattle, WA 98115, shelby@galandabroadman.com

**Notice to the person who issues or requests this subpoena**
If this subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 2)

Civil Action No. 3:24-cv-01818-JR

# PROOF OF SERVICE

*(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* Jasmine Lamb

on *(date)* 01/29/2026 .

☐ I served the subpoena by delivering a copy to the named person as follows:
Jasmine Lamb, 17 Founders Place, Apt. 3G, Orono, ME 04473

on *(date)* _____ ; or

☐ I returned the subpoena unexecuted because: _____

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $ 0.00 .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc.:

IN THE UNITED STATES DISTRICT COURT FOR

THE DISTRICT OF OREGON

PORTLAND DIVISION

| | |
|---|---|
| THE ALLIANCE FOR TRIBAL CLEAN ENERGY, et al., | Case No. 3:24-cv-01818-JR |
| Plaintiffs, | **ATTACHMENT A TO SUPBOENA** *DUCES TECUM* **TO JASMINE LAMB** |
| v. | |
| 7SKYLINE, LLC, et al., | |
| Defendants. | |

TO: JASMINE LAMB

Pursuant to Federal Rule of Civil Procedure 45, Plaintiffs the Alliance for Tribal Clean Energy and Chéri Smith hereby issue subpoena *duces tecum* to Jasmine Lamb, requiring you or your agents or representatives to produce documents or records in the following manner, either by mailing them to the Maine address specified below or emailing them to the email address specified below:

| DOCUMENTS | |
|---|---|
| *See* Appendix below. | |
| **PLACE** | **DATE AND TIME** |
| Mailing Address:<br>Weatherbee Law Office, P.A.<br>Attn: Shelby Stoner, Galanda Broadman<br>51 Short Street, Ste. #5<br>Bangor, Maine 04401<br>OR | February 12, 2026, at 5:00 p.m. PST |

ATTACHMENT A TO SUBPOENA *DUCES TECUM* - 1

| Email Address:<br>Shelby Stoner, Galanda Broadman<br>Email: shelby@galandabroadman.com | |

The applicable provisions of Federal Rule of Civil Procedure 45 are appended to this subpoena and subpoena *duces tecum*. FAILURE TO COMPLY WITH THIS SUBPOENA MAY BE CONSIDERED CONTEMPT OF COURT.

DATED this 29th day of January, 2026.

GALANDA BROADMAN, PLLC

Shelby R. Stoner, WSBA #52837
Gabriel S. Galanda, WSBA #30331
Attorneys for Plaintiff
P.O. Box 15146 Seattle, WA 98115
(206) 557-7509 Fax: (206) 299-7690

ATTACHMENT A TO SUBPOENA *DUCES TECUM* - 2

## APPENDIX

## DEFINITIONS

1. The term "communications" is used in its broadest sense and includes any occurrence whereby data, expression, facts, opinions, thoughts, or other information of any kind is transmitted in any form, including without limitation, in-person conversation, telephone conversation, video chat, correspondence, discussion, meeting, memorandum, email, text message, chat message, voice message, picture message, video message, audio recording, video recording, social media posting or messages, whether private or public, including posts and messages posted, sent, or received on the following platforms: Facebook, Facebook Messenger, Instagram, WhatsApp, LinkedIn, TikTok, Slack, Twitter/X, Truth Social, Zoom, Microsoft Teams, Slack, Signal, Confide, Telegram, Wickr, or any other form of in-person, written, or electronic communication.

2. The term "documents" is used in its broadest sense and means any writing of any kind, including the originals and any non-identical copies, regardless of origin or location, including but not limited to books, pamphlets, periodicals, correspondence, memoranda (including audio or telephone or other conversations), letters, reports, records, notes, photographs, films, video recordings, audio recordings, magnetic recordings, digital recordings, computer files, computer disks, communications (as defined above), electronically stored information ("ESI"), reports generated by diagnostic or other equipment; charts and any data from which information may be obtained, and copies containing marginal notes or variations of any of the foregoing.

3. The phrase "this action" means the above-captioned case or matter, *The Alliance for Tribal Clean Energy, et al. v. 7Skyline, LLC, et al.*, Case No. 3:24-cv-01818-JR, pending before Magistrate Judge Jolie Russo and Judge Amy Baggio.

ATTACHMENT A TO SUBPOENA *DUCES TECUM* - 3

4. The terms "you" or "your" means the person commanded to produce documents or other tangible things pursuant to the subpoena, including Jasmine Lamb and any of her agents, representatives, or all other persons acting for her, on her behalf, or at her direction.

5. The term "Defendants" means the Defendants named in this action, including without limitation 7Skyline, LLC; Jennifer Rouda, a resident of Oregon and representative of 7Skyline, LLC; and David Harper, a resident of Arizona and representative of 7Skyline, LLC; and/or each Defendant's representatives, agents, and all other persons acting for them, on their behalf, or at their direction, including 7Skyline, LLC employees, contractors, or anyone using a 7Skyline, LLC email address.

6. The term "7Skyline, LLC" means the Defendant named in this action, a limited liability company with its principal place of business located in Portland, Oregon.

7. The term "Chéri Smith" means the Plaintiff named in this action, a resident of Rhode Island and the Chief Executive Officer of the Alliance for Tribal Clean Energy.

8. The terms "Alliance for Tribal Clean Energy," "ATCE," or "Alliance," a nonprofit incorporated under Delaware law with its principal place of business located in Washington, D.C.

9. The term "employee" means a person who works for another entity or person under a contract of hire, written or implied, where the employer has the right to control and direct the employee's work, including the manner and means by which the person's work is performed.

10. The term "independent contractor" or "contractor" means a person or entity that is not an employee but performs services for another person or entity under a contract, written or implied. The independent contractor is typically self-employed and retains control over the manner and means by which the person's or entity's work is performed.

ATTACHMENT A TO SUBPOENA *DUCES TECUM* - 4

11. The term "consultant" means a person or entity that provides professional, specialized, or expert advice, guidance, or services to another person or entity for a fee.

12. The terms "relate to," "related to," or "relating to" mean concerning, regarding, referring to, describing, evidencing, or constituting.

13. The terms "all," "any," and "each" shall each be construed as encompassing any and all.

14. The connectives "and" and "or" shall be construed either disjunctively or conjunctively as necessary to bring within the scope of the information request all information that might otherwise be construed to be outside its scope.

15. The term "identify," when used with respect to a person or entity, means to state (a) the full name, last known address, and last known telephone number of that person or entity, and (b) the full name, address and telephone number of person's employer as well as a description of that person's job title.

16. The term "identify" when used with respect to an event, means to (a) describe the event, (b) state the date on which it occurred, and (c) identify all persons having knowledge of same.

17. The term "identify," when used with respect to a document, means to (a) state the type of document involved (e.g., text, email, photograph, letter, report, memorandum, diary, etc.); (b) state the date on which it was authored or created; (c) identify the person(s) who authored or created it; (d) identify the person(s) to whom it was addressed, if any; (e) identify the person(s) who received or reviewed it; and (f) identify the persons presently having custody of the document or any copies thereof.

ATTACHMENT A TO SUBPOENA *DUCES TECUM* - 5

18. Any other words used in these discovery requests are defined according to standard American use, as shown in a dictionary of the English language.

19. The use of the singular form of any word includes the plural and vice versa.

## DOCUMENTS REQUESTED BY SUBPOENA *DUCES TECUM*

1. Please produce any and all documents and communications, including text messages, emails, and social media messages, dated on or after January 1, 2024, sent to or received by Jennifer Rouda; and

2. Please produce any and all documents and communications, including text messages, emails, and social media messages, dated on or after January 1, 2024, sent to or received by David Harper; and

3. Please produce any and all documents and communications, including text messages, emails, and social media messages, dated on or after January 1, 2024, sent to or received by any employee, contractor, or consultant of 7Skyline, LLC, including without limitation anyone using a 7Skyline, LLC email address; and

4. Please produce any and all documents and communications, including text messages, emails, and social media messages, dated on or after January 1, 2024, relating to or referencing Chéri Smith; and

5. Please produce any and all documents and communications, including text messages, emails, and social media messages, dated on or after January 1, 2024, relating to or referencing "Alliance for Tribal Clean Energy," "ATCE," or simply the "Alliance."