UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | | |
|---|---|---|
| JASMINE LAMB, | ) | |
| | ) | |
| Movant, | ) | |
| | ) | |
| v. | ) | 1:26-mc-00057-SDN |
| | ) | |
| ALLIANCE FOR TRIBAL CLEAN | ) | |
| ENERGY, | ) | |
| | ) | |
| Respondent. | ) | |

## MOTION TO INTERVENE

7Skyline, LLC ("7Skyline"), Jennifer Rouda ("Rouda"), and David Harper ("Harper") (collectively "Interveners") through undersigned counsel, file this Motion to Intervene pursuant to Rule 24 of the Federal Rules of Civil Procedure and respectfully show the Court as follows:

## INTRODUCTION

Interveners are each named as defendants in a lawsuit filed by the Alliance for Tribal Clean Energy (the "Alliance") and Cheri Smith ("Smith") (collectively "Plaintiffs") in Oregon District Court, styled *The Alliance for Tribal Clean Energy, et al. v. 7Skyline, LLC et al.*, case no. 3:14-CV-01818 (the "Oregon Lawsuit"). Plaintiffs in the Oregon Lawsuit allege that Interveners misappropriated trade secrets and breached their duty of loyalty during their employment. Plaintiffs in the Oregon lawsuit also allege that Rouda tortiously interfered with their donor/expected donors and defamed Smith. Plaintiffs in the Oregon Lawsuit amended their complaint twice to avoid dismissal and discovery in this matter has only just begun. Indeed, on or about December 10, 2025, Plaintiffs in the Oregon Lawsuit served their first discovery requests to Interveners in this matter. Interveners are in the process of reviewing and producing documents that are responsive to Plaintiffs' written discovery requests pursuant to an agreed ESI search

1

protocol between the parties in the Oregon Lawsuit. Plaintiffs' subpoena to Ms. Jasmine Lamb

("Lamb") at issue in this matter seeks the exact same information that Plaintiffs are seeking from

Interveners in the Oregon Lawsuit. Plaintiffs' subpoena to Ms. Lamb is simply an attempt to

enlarge the litigation by forcing Interveners to participate in this action to protect their interests,

which are already being litigated in the Oregon Lawsuit. Accordingly, Interveners have a right to

intervene in this matter under Federal Rule of Civil Procedure 24(a) or, alternatively, to

permissively intervene pursuant to Rule 24(b). Indeed, no party to the instant action can adequately

represent Interveners' interest and Interveners respectfully request that the Court grant this motion

in its entirety.

## ARGUMENTS AND AUTHORITIES

### A.  Standard of Review

Federal Rule of Civil Procedure 24 allows intervention of right and permissive

intervention. *See* Fed. R. Civ. P. 24. A party may intervene as a matter of right under Rule 24(a) if

it meets the following four requirements: (1) the application must be timely; (2) the applicant must

claim an interest relating to the property or transaction which is the subject of the action; (3) the

applicant must be so situated that the disposition of the action may as a practical matter impair or

impede its ability to protect that interest; and (4) the applicant must show that its interest will not

be adequately represented by existing parties. *In re Exch. Union Co.*, No. 24-MC-91645-ADB,

2025 WL 894652, at \*1–2 (D. Mass. Mar. 24, 2025) (quoting *Travelers Indem. Co. v. Dingwell*,

884 F.2d 629, 637 (1st Cir. 1989)). Failure to satisfy a single requirement for intervention of right

is sufficient grounds to deny the request. *Id.*  (quoting *Victim Rights Law Center v. Rosenfelt*, 988

F.3d 556, 560–61 (1st Cir. 2021)).

The Court may "permit anyone to intervene who . . . has a claim . . . that shares with the main action a common question of law or fact." *See* FED. R. CIV. P. 24(b)(1)(B). "Permissive intervention is wholly discretionary, and a court should consider whether intervention will prejudice the existing parties or delay the action." *In re Exch. Union Co.*, 2025 WL 894652, at *3. The Court's "discretion to grant or deny motions for permissive intervention is very broad" and may require consideration of various factors to determine if intervention is permissible. *Id.* (quoting *T-Mobile Ne. LLC v. Town of Barnstable*, 969 F.3d 33, 41-42 (1st Cir. 2020)) ("a district court mulling permissive intervention is free to consider whether the applicants may be helpful in fully developing the case, and whether more parties would complicate matters unnecessarily").

B. <u>Intervention of Right is Warranted in this Case</u>

Ms. Lamb initiated this action on February 10, 2026. (ECF No. 1). Interveners did not become aware of this action until February 17, 2026, and the first procedural conference to discuss this matter is set for February 19, 2026. (ECF Nos. 3 and 4). Accordingly, Interveners' motion is timely.

Interveners have a cognizable interest in the outcome of the instant matter that will be impaired if Plaintiffs from the Oregon Lawsuit continue to pursue this type of discovery. In *Costa Pinto*, the court granted a motion to intervene in similar circumstances. *See In re Costa Pinto*, No. 21-MC-663 (VEC), 2022 WL 4088012, at *4 (S.D.N.Y. Sept. 6, 2022). In *Costa Pinto*, the petitioner sought discovery through a §1782 action related to the interveners' financial information (among other things). *Id.* The subpoenaed information was to be used against the interveners in a separate civil action. *Id.* Relying on Federal Rule of Civil Procedure 24(a)(2), the court held that the interveners had an interest that would be impaired due to privacy interests in the type of information being requested. *Id.*

3

In the instant matter, Plaintiffs' subpoena seeks "any and all" communications between Ms. Lamb and Rouda, Harper, or "any employee, contractor, or consultant of 7Skyline, LLC" without regard to subject matter or relevance to the claims at issue in the Oregon Lawsuit from January 1, 2024, through the present. Interveners have a professional relationship with Ms. Lamb, unrelated to any of the allegations in the Oregon Lawsuit, and Ms. Lamb's compliance with the subpoena could cause her to produce financial or other protectable information relating to Interveners that Plaintiffs hope to use to prop up their allegations in the Oregon lawsuit. Accordingly, Interveners have a protectable interest that will be impaired in the instant action, which satisfies the second and third prong of the Rule 24(a) requirements. *Id.*

Lastly, no party in the instant action will adequately represent Interveners' interest. Plaintiffs in the Oregon Lawsuit are clearly in an antagonistic posture to Interveners as Plaintiffs are suing Interveners in the Oregon Lawsuit. Moreover, Ms. Lamb, as a *pro se* litigant, cannot adequately represent Interveners' interest in the instant action. Accordingly, Interveners' motion to intervene of right should be granted.

C.  Permissive Intervention is Warranted in the Alternative.

Courts have broad discretion to grant permissive intervention motions when the party requesting intervention demonstrates that there are common questions of law or fact at issue. *See* FED. R. CIV. P. 24(b). Plaintiffs only purpose in resorting to Rule 45 is to place undue pressure on unrepresented third parties and obtain information to use in the Oregon Lawsuit against the Interveners. Indeed, Plaintiffs requested, and Interveners are producing, the exact same information sought in the instant action in the Oregon Lawsuit. *See* Exhibit 1, Plaintiffs' Request for Production in the Oregon Lawsuit. Discovery is proceeding under an orderly ESI agreement and search protocol between Plaintiffs and Interveners in the Oregon Lawsuit. *See* Exhibit 2, ESI

4

Agreement and Protective Order. Given the similarities between the discovery in the Oregon Lawsuit, and the subpoena duces tecum to Ms. Lamb, there are obvious common questions of law and fact that warrant granting Interveners' alternative request for permissive intervention. *See In re Exch. Union Co.*, 2025 WL 894652, at *3. (confidentiality and privacy interests sufficient to allow permissive intervention under Rule 24(b)). Accordingly, Interveners respectfully request that the Court grant this alternative request to permissively intervene in this matter.

## CONCLUSION

Interveners 7Skyline, LLC, Jennifer Rouda, and David Harper respectfully request that the Court grant this motion pursuant to Rule 24 of the Federal Rules of Civil Procedure and allow them to intervene in the instant action to protect their confidentiality and privacy interests with respect to the information sought.

Dated: February 17, 2026

 /s/ Julia B. MacDonald
Julia B. MacDonald
PIERCE ATWOOD LLP
Merrill's Wharf
254 Commercial Street
Portland, ME  04101
(207) 791-1100
jmacdonald@pierceatwood.com

*Attorney for 7Skyline, LLC, Jennifer Rouda, and David Harper*

/s/ *Michael J. Woodson*
Michael J. Woodson (*pro hac vice* certificate pending)
**EVERSHEDS SUTHERLAND (US) LLP**
Texas State Bar No. 24084117
MichaelWoodson@eversheds-sutherland.com
John T. Hays (*pro hac vice* certificate pending)
Texas State Bar No. 24101885
JohnHays@eversheds-sutherland.com

5

98 San Jacinto Blvd., Suite 1600
Austin, Texas 78701
Telephone: 713.470.6121
Facsimile: 512.721.2656

*Attorney for 7Skyline, LLC, Jennifer Rouda, and
David Harper*

6

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on the date indicated below I caused a copy of the foregoing pleading

to be filed with the Court's ECF filing system, which will cause an electronic notice to be sent to

counsel of record.


Dated: February 17, 2026

         */s/ Julia B. MacDonald*            
Julia B. MacDonald
PIERCE ATWOOD LLP
Merrill's Wharf
254 Commercial Street
Portland, ME  04101
(207) 791-1100
jmacdonald@pierceatwood.com

*Attorney for 7Skyline, LLC, Jennifer Rouda,*
*and David Harper*